## Harry W. Marks, Defendant in Error, v. William Schulze, Plaintiff in Error.

### Gen. No. 16,832.

1. BROKERS—*when not entitled to commission.* In an action by a broker for commission, where he procured a purchaser and represented that such purchaser would give in exchange certain property subject to a certain incumbrance, and a contract is accordingly executed for such exchange, when the principal later cancels the contract on the ground that the incumbrance is greater than that represented, or as stated in the contract, the plaintiff is not entitled to recover commission.

2. BROKERS—*commission earned when purchaser accepts.* Where a broker is engaged to procure a purchaser for defendant's premises, and defendant enters into a mutual contract with a purchaser so procured, the broker's commission is earned as a general rule; but where the commission is agreed upon on the theory that the deal shall go through and it does not, through no fault of the principal, or where the deal is not consummated because of fraud or misrepresentations on material facts of the broker to his principal, the latter does not become liable because of his acceptance of the purchaser.

Error to the Municipal Court of Chicago; the Hon. MAX EBERHARDT, Judge, presiding. Heard in this court at the October term. 1910. Reversed. Opinion filed March 4, 1913. Rehearing denied March 17, 1913.

WILLIAM KENT, for plaintiff in error.

J. G. GROSSBERG, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought suit against the defendant, here the plaintiff in error, to recover his commissions as a real estate agent, claimed by him by reason of services in a certain real estate transaction. On a trial by the court without a jury a judgment was entered for the plaintiff for the sum of five hundred dollars and the defendant sued out this writ or error.

The plaintiff was employed by the defendant to procure a purchaser of his property, or one who would make an exchange satisfactory to him. The plaintiff procured a Mr. Raemer, with whom the defendant entered into a written contract to convey his said premises in consideration of Raemer paying him $2,500.00, giving a note for $7,500.00 secured by a trust deed upon the premises to be conveyed to him by Mr. Schulze, the defendant, and also a conveyance of certain described premises "subject to an existing mortgage of $12,500." The contract provided that the parties furnish complete merchantable abstracts of title, showing good title in the respective parties on the date of the contract, and also that upon the examination of the said abstracts of title objections be made thereto, the same to be in writing within a certain time, and ·if material defects be found in said title, "then, if such defects be not cured within sixty (60) days after notice thereof, the contract shall, at the option of the party delivering the objections, become null and void; notice of such election to be given the other party, but party delivering such objections may elect to take such title as it then is, and in such case other party shall convey as above agreed; provided, however, that such party delivering such objections shall first give written notice of such election within ten (10) days after the expiration of said 60 days and tender performance on his part. In default of such notice of election to receive such title and tender within time limited, the party delivering such objections shall without further action by either party be deemed to have abandoned his claim upon the premises and thereupon

this contract shall cease to have any force or effect against said premises or the title thereto or any right or interest therein, but not otherwise.''

The attorney for Mr. Schulze made several objections to the title of the premises to be conveyed by Mr. Raemer; the principal one (the others being cured or apparently waived) being that the said premises were subject to two trust deeds securing an indebtedness of $11,000 and $5,500, respectively, making a total of $16,500.00 instead of $12,500.00, as provided by the contract. The counsel for appellee argues that while the record did show an indebtedness of $16,500.00, four of the notes for $1,000.00 each, shown by the record to be secured by the first trust deed and past due, were shown by the evidence to have been paid and cancelled. Neither the abstract nor the additional abstract of the record shows testimony to that effect. We find that there was evidence that certain notes secured by other trust deeds released before the maturity of the said notes thereby secured, were presented to counsel as paid and cancelled, but on a careful examination of the record we are not able to find any evidence that tends to show that the said four notes of $1,000 each were shown to have been paid and cancelled or any evidence that the indebtedness secured by the said trust deeds was $12,500 and not $16,500, as therein shown. It would not seem reasonable to us to hold that Mr. Schulze should waive this objection when no proof was submitted to him or his attorney that the said indebtedness was reduced from $16,500 to the sum named in the contract,—$12,500. The defendant refused to accept the title and the contract was cancelled.

It is contended by the plaintiff that being employed by the defendant to procure a purchaser for the defendant's premises, he procured Mr. Raemer, whom the defendant accepted and with whom he entered into a mutual contract of exchange, and thereupon the plaintiff's commission was earned. Conceding the

general rule of law relied upon by the plaintiff to be correct, and assuming that the contract to exchange was mutual and binding on the parties, we think it does not apply in the case at bar for the following reasons: The plaintiff, by his agent, in getting the defendant to sign said contract, stated and represented to the defendant that the premises owned by Mr. Raemer were "subject to a mortgage of $12,500 due in about two years;" at the time of the signing of the contract the commission was discussed and the plaintiff's agent testified that he asked plaintiff about same, "and Mr. Marks said so long as the deal is going through we will accept five hundred dollars." It seems that the commission was agreed upon on the theory that the deal would be consummated. In Fox v. Ryan, 240 Ill. 391, the court states the rule relied upon by the plaintiff, but it seems that where there is fraud or misrepresentation by the broker to his principal, the principal does not become liable for commissions because of his acceptance of the purchaser produced by the broker where the deal is not consummated because of the fraud or misrepresentation.

We do not hold that there was any fraud in the case at bar, but there was misrepresentation. We think that the representation of the plaintiff's agent as to the title of Mr. Raemer was a statement by the plaintiff of a controlling and material fact inducing the defendant to enter into the said contract. On the record it appears that the defendant was ready, willing and able to carry out the terms of his said contract of exchange, and it was through no fault of his that the exchange was not consummated. The title the defendant contracted for was not as represented by the plaintiff, and because thereof the deal failed of consummation. We are of the opinion, under the circumstances, that the plaintiff was not entitled to recover commission, and the judgment is accordingly reversed.

*Reversed.*